UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RODERICK H.                             :
                                        :
v.                                      :   C.A. No. 22-000250-WES
                                        :
SOCIAL SECURITY COMMISSIONER            :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant's Motion to Dismiss this action as untimely. (ECF No. 6). Plaintiff did not file an objection to the Motion. For the following reasons, I recommend that Defendant's unopposed Motion to Dismiss be GRANTED.

**Background**

Plaintiff initiated this case by way of a purported Writ of Mandamus on June 27, 2022. (ECF No. 1). Plaintiff's submission contains the following history: In 2006, Plaintiff applied for disability benefits and the Social Security Administration ("SSA") denied his application. Plaintiff did not appeal that decision within the sixty-day period required by the SSA. (ECF No. 1 at pp. 2-3). In 2017, Plaintiff applied for disability again, and the SSA found him disabled, but as of a later date than he alleged. Plaintiff did not appeal that decision within the sixty-day period required by the SSA. (ECF No. 1 at pp. 4-5). During 2021, Plaintiff requested reconsideration of the SSA decisions on both his 2006 and 2017 disability applications. (ECF No. 1 at pp. 3-4). On September 11, 2021, the SSA dismissed Plaintiff's request for reconsideration of its decision on the 2017 disability application because it was untimely – the request was filed years after the sixty-day

review period had expired and Plaintiff did not show good cause for his late request.  (ECF No. 1 at pp. 4, 7).

Additionally, Defendant represents the following without any contravention by Plaintiff: On January 10, 2022, the SSA denied Plaintiff's request for reconsideration of its decision on the 2006 disability application because it was also untimely.  That request for reconsideration was filed about fifteen years too late.  (ECF No. 6 at p 2).

Under 42 U.S.C. § 405(g), a disability claimant can obtain judicial review of a final decision of the SSA only if he files a complaint "within sixty days after the mailing to him of notice of such decision."  The Complaint Plaintiff filed on June 27, 2022 seeks to challenge a decision that the SSA issued in September 2021, well past the sixty-day period for seeking judicial review.  Thus, Defendant persuasively argues that the Court should dismiss Plaintiff's Complaint as untimely.  As noted, § 405(g), 42 U.S.C. provides that an individual has sixty days from the date the notice of the decision was mailed to bring their civil action unless the Commissioner granted additional time.  However, the Court of Appeals for the First Circuit has recognized that "under 20 C.F.R. § 422.210(c), the Commissioner has done just that: pursuant to this regulation, the sixty-day time limit starts when the individual <u>receives</u> the notice of the Appeals Council's action."  <u>Walker-Butler v. Berryhill</u>, 857 F.3d 1, 3 (1st Cir. 2017).  The First Circuit went on to note that, § 422.210(c) "provides that '[f]or purposes of this section, the date of receipt of notice…shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.'"  <u>Id.</u> citing 42 U.S.C. § 422.210(c).  Accordingly, "a claimant has 65 days from the date of the commissioner's final decision to commence a timely action for review of that decision."  <u>Bean v. Colvin</u>, No. 2:16-cv-00174-JDL, 2016 WL 6684201, at *1 (D.Me. Nov. 14, 2016), R&R adopted, 2016 WL 7335589 (D.Me. Dec. 16, 2016).

While this filing "requirement is not jurisdictional," it is "a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 478. "Thus, 42 U.S.C. § 405(g) 'generally precludes late judicial challenge to the denial of benefits.'" Piscopo v. Sec'y of Health & Human Servs., No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994).

Here, the administrative decision that Plaintiff seeks to challenge is the SSA's September 11, 2021 dismissal of his request for reconsideration. (ECF No. 1 at p. 4). Even assuming that such an administrative order is subject to judicial review, Plaintiff's June 27, 2022 Complaint was filed well beyond the sixty-five-day deadline of September 11, 2021. Further, Plaintiff's Complaint fails to acknowledge the SSA's January 10, 2022 administrative decision, and the present Complaint was also filed well over sixty-five days after that decision. Therefore, Plaintiff's Complaint is plainly time-barred and subject to dismissal under Rule 12(b)(6) unless he can "sketch a factual predicate that would provide a basis for tolling the statute of limitations." Abdallah v. Bain Capital LLC, 752 F.3d 114, 119 (1st Cir. 2014) (internal quotations omitted). He can do so by demonstrating that he is entitled to equitable tolling. Bowen, 476 U.S. at 480. This requires Plaintiff to show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250, 255 (2016) (quoting Holland v. Florida, 560 U.S. 631, 646 (2010)). Plaintiff, however, has not opposed Defendant's Motion and "has made no arguments suggesting that this doctrine should apply to the facts of" the present case. Therefore, the Court deems "waived any argument [Plaintiff] could have made to that effect." Walker-Butler, 857 F.3d at 7.[1]

---

[1] Plaintiff also alleges in his Complaint that the SSA has not processed his request for a hearing before an ALJ on his 2017 application. (ECF No. 1 at pp. 4-5, 9). However, Plaintiff makes no allegations showing that he is entitled

**Conclusion**

For the foregoing reasons, I recommend that Defendant's unopposed Motion to Dismiss this action (ECF No. 6) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 17, 2022

---

to such a hearing. Because his reconsideration request was late and he did not have good cause, the initial determination on his claim was binding. See 20 C.F.R. § 404.905. Furthermore, Defendant accurately points out that Plaintiff does not allege that his reconsideration request was timely or that he had good cause for not requesting reconsideration until years after the regulatory deadline. (ECF No. 6 at p. 4, n.2).